IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES L. COKER, ID # 817684,    ) | |
|     Plaintiff,    ) | |
| vs.    ) | No. 3:05-CV-0852-P (BH) |
|    )| ECF |
| GINA DEBOTTIS, et al.,    ) | Referred to U.S. Magistrate Judge |
|     Defendants.    ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff, an inmate in the Texas prison system, filed the instant action pursuant to 42 U.S.C. § 1983. (Compl. at 1; Answer to Question 2 of Magistrate Judge's Questionnaire (MJQ).[1]) He sues Ron Elerick, Correctional Officer at the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID); Gina DeBottis, Special Prosecutors Unit in Wichita County, Texas; Gary Johnson, Executive Director of TDCJ-CID; and Douglas Dretke, Director of TDCJ-CID. (Compl. at 4; Answers to Questions 1 through 5 of Second MJQ.) He contends that defendant Elerick has filed fraudulent criminal charges against him and that defendant DeBottis has pursued such fraudulent charges. (Answers to Questions 1 and 2 of Second MJQ.) He sues defendants Johnson and Dretke because he does not feel safe in TDCJ-CID due to the actions of defendant

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Elerick and various disciplinary cases stemming from the allegedly fraudulent charges of defendant Elerick. (Answers to Questions 4 and 5 of Second MJQ.) By this lawsuit, plaintiff seeks dismissal of state criminal cases against him and release from custody. (Answer to Question 6 of Second MJQ.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III.  SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 against defendants for events related to fraudulent charges brought by defendant Elerick. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff seeks release from imprisonment and dismissal of state criminal cases as relief in this action. (Answer to Question 6 of Second MJQ.) Release from imprisonment, however, is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Likewise, dropping criminal charges is an inappropriate remedy in a § 1983 action. *See Parker v. Moreno*, No. 3:01-CV-1283-D, 2002 WL 1758181, at *3 (N.D. Tex. July 2002) (order accepting findings and recommendation of magistrate judge). Similarly, dismissing a state criminal case is not an appropriate § 1983 remedy. Because plaintiff only seeks relief that is unavailable in this action, plaintiff has stated no claim that entitles him to the relief he seeks.[2]

The Court declines to construe this action as seeking monetary relief against defendants. Although plaintiff initially indicated that he wanted "restitution" paid to him, (Compl. at 5), his reasons for "restitution" appear related to the sentence he received on a burglary charge, (*see* Answer to Question 1 of MJQ), and in any event, plaintiff specified that he only seeks dismissal of his state cases and release from custody as relief in this action, (*see* Answer to Question 6 of Second MJQ.) In addition, under *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court must dismiss a complaint

---

[2] The Court declines to construe this action as a habeas action because plaintiff has specifically indicated that he pursues this action under § 1983 and not § 2254. (*See* Answer to Question 2 of MJQ.) Plaintiff, furthermore, has shown no exhaustion of his state remedies with respect to any habeas claim.

3

brought pursuant to § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of plaintiff's conviction or sentence, unless plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  512 U.S. at 486-87.  *Heck*, furthermore, bars "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge", *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001); *see also Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (interpreting *Heck* to prevent accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges), and claims for damages related to prison disciplinary proceedings in some cases, *see Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997).  Under the facts alleged by plaintiff, if the Court were to grant him damages for his claims related to fraudulent charges levied against him, such ruling would necessarily implicate the validity of disciplinary proceedings and charges or convictions stemming from the alleged fraudulent charges.  Consequently, a claim for monetary damages under the facts of this case has not yet accrued and appears to be barred by *Heck* and its progeny.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). He seeks

relief that is unavailable in this § 1983 action.  The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 31st day of May, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.